# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr53 |
| | § | (Judge Davis) |
| DUY MINH HO (14) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 6, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Timothy Haney. The Government was represented by Ernest Gonzalez.

On May 25, 2004, Defendant was sentenced by the Honorable Leonard Davis to one hundred and fifty-one months' custody followed by three years of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense 3, 4-Methylenedioxymethamphetamine ("Ecstasy"), Methamphetamine, Cocaine, Cocaine Base and Marijuana. On June 8, 2005, an Amended Judgment was imposed, reducing the term of imprisonment to seventy-two months. On June 30, 2008, Defendant completed his period of imprisonment and began service of his supervised term.

On July 10, 2009, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons. The petition also asserted that Defendant violated the following standard condition: the defendant shall report to

the probation officer and shall submit a truthful and complete written report within the first five days of each month.

The petition alleges that Defendant committed the following acts with regard to the Petition: (1) The Defendant failed to report to the U.S. Probation Office within seventy-two hours of his release from custody. On August 8, 2008, the Defendant contacted the U.S. Probation Office in Tyler, Texas, and stated he was released from Immigration and Customs Enforcement custody on August 8, 2008, and residing in Bradenton, Florida. The Defendant was instructed to contact the U.S. Probation Office in the Middle District of Florida for further reporting instructions, but he reportedly failed to do so. As of the date of the petition, Defendant's whereabouts where unknown; and (2) the Defendant failed to report to the probation officer, and failed to submit any monthly supervision reports.

Prior to the Government putting on its case, Defendant entered a plea of true to all violations. The Court recommends that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. The Court recommends that Defendant not serve imprisonment for these violations but that Defendant's supervised release be extended to thirty-five (35) months.

It is further recommended that defendant pay a fine of $1,000. The fine is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710.

It is further recommended that while on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring fine payments and his efforts at obtaining and maintaining lawful and gainful employment..

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 12th day of May, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE